**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Bridge Owings,

Plaintiff,

v.

Franklin County Sheriff Office,

Defendant.

______________________________/

Case No. 1:20-cv-03504

Michael L. Brown
United States District Judge

# ORDER

Plaintiff Bridget Owings filed a complaint against Defendant Franklin County Sheriff Office. (Dkt. 5.) Because she proceeds *in forma pauperis* ("IFP"), the law requires the Court to conduct a frivolity determination under 28 U.S.C. § 1915(e)(2). The Court finds Plaintiff's complaint frivolous and dismisses it.

## I. Legal Standard

A federal court must dismiss an action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)'s main purpose is

"largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A court may dismiss a complaint for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A frivolity review also grants a court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 490 U.S. at 327).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also . . . claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 327–28. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. A finding of legal frivolousness is when the plaintiff asserts "a claim based on an indisputably meritless legal theory . . . [such as when] it is clear that the defendants are immune from suit." *Neitzke*, 490 U.S. at 327.

Though a court must weigh the allegations in favor of the plaintiff during a § 1915(e) determination, it need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. And "if the district court sees that an affirmative defense would defeat the action, a [dismissal on the grounds of frivolity] is allowed." *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.3d 636, 640 (11th Cir. 1990).

The Court recognizes that Plaintiff is appearing pro se and thus affords her complaint greater leniency. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a *pro se* action, . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."). But this leniency neither excuses a plaintiff from complying with threshold requirements of the Federal Rules of Civil Procedure nor "permit[s] the district court to act as counsel

for a party or to rewrite deficient pleadings." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).

## II. Discussion

After reviewing Plaintiff's ten-page filing, the Court can discern no basis to allow the complaint to proceed. The extent of the factual allegations is: "I had $9,605 dollars cash I wasn't committing no criminal offense and I have proof and statement of where my currency came from." (Dkt. 5 at 3.) The rest of the filing contains screenshots of unemployment benefits the South Carolina Department of Employment and Workforce appears to have paid Plaintiff over the past several months. (*Id.* at 7–9.)

From what Plaintiff has submitted, the Court can guess she might possibly claim officers with the Franklin County Sheriff Office confiscated cash from her and she wants it back. Who knows for sure? Her complaint does not say and also contains no facts to support any of this speculation, let alone enough to justify a viable cause of action and withstand a frivolity review.

While the Court construes her pro se complaint liberally, it simply cannot concoct facts on Plaintiff's behalf to generate a cause of action out of thin air. The submission contains no factual background that might

state a claim for relief under the Federal Rules. *See Stone v. Fisher*, 2020 WL 901435, at *1 (N.D. Ga. Feb. 24, 2020) ("[P]ro se plaintiffs are required to comply with the threshold requirements of the Federal Rules of Civil Procedure."). The Court finds Plaintiff's complaint factually and legally frivolous and dismisses it.[1] And given the sheer frivolity of the complaint, a repleading option is not warranted. *See Alhallaq v. Radha Soami Trading, LLC*, 484 F. App'x 293, 298 (11th Cir. 2012) ("[J]ustice does not require district courts to waste their time on hopeless cases.").

## III. Conclusion

The Court **DISMISSES WITH PREJUDICE** Plaintiff Bridget Owings's complaint (Dkt. 5) under 28 U.S.C. § 1915(e)(2).

**SO ORDERED** this 27th day of October, 2020.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

[1] Because the Court finds Plaintiff's complaint factually frivolous, the Court need not address the other legal immunity and abstention issues Plaintiff's complaint otherwise presents.